| | | |
|---|---|---|
| LAMONTE BURTON ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV282 |
| | ) | |
| CITY OF GREENSBORO; J.F. WHITT, | ) | |
| individually; DAVID SPAGNOLA, | ) | |
| individually; and SYLVESTER | ) | |
| DAUGHTRY, JR., individually and | ) | |
| in his official capacity as | ) | |
| former Chief of Police of the | ) | |
| City of Greensboro, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before this court on the motions to dismiss Plaintiff's claims filed by Defendant David Spagnola (Doc. 20), and Defendant J.F. Whitt (Doc. 22) (collectively "Defendants"). Plaintiff Lamonte Burton Armstrong ("Plaintiff") filed two responses in opposition (Docs. 26, 28). Each Defendant filed a reply (Docs. 31, 33). This matter is ripe for resolution and for the following reasons, this court will grant in part and deny in part Defendants' motions.

## I.  LEGAL STANDARD

To survive a motion to dismiss, Plaintiffs must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). A court must accept the complaint's factual allegations as true when ruling on a Rule 12(b)(6) motion. Id. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted).

Nevertheless, sufficient factual allegations must "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 500 U.S. at 555, 570 (citation omitted); see Iqbal, 556 U.S. at 680-81. A court "cannot ignore a clear failure in the pleadings to allege any facts which set forth a claim." Estate of Williams-Moore, 335 F. Supp. 2d at 646. Consequently, even given the deferential standard allocated to pleadings at the motion to dismiss stage, a court will not accept mere legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

[will] not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550
U.S. at 555).

## II.  **ANALYSIS**

### A.  **Release**

On December 23, 2013, Governor Pat McCrory granted
Plaintiff a pardon of innocence. (Complaint (Doc. 1) ¶ 7.)
Defendants contend that Plaintiff thereafter made a claim in the
North Carolina Industrial Commission and received an award of
compensation. (See Brief in Support of Defendants City of
Greensboro and Sylvester Daughtry, Jr.'s Motion to Dismiss
("Greensboro and Daughtry's Br. in Supp.") (Doc. 19) at 9; Ex. A
(Doc. 19-1) at 2.)[1, 2] Defendants further contend that Plaintiff
simultaneously signed a release, (see Greensboro and Daughtry's
Br. in Supp. (Doc. 19) at 9; Ex. B (Doc. 19-2) at 2), and that
this release extinguishes Plaintiff's claims here. (Greensboro
and Daughtry's Br. in Supp. (Doc. 19) at 9.)

_____

[1] All citations in this Memorandum Opinion and Order to
documents filed with the court refer to the page numbers located
at the bottom right-hand corner of the documents as they appear
on CM/ECF.

[2] While this Memorandum Opinion and Order specifically
addresses Defendants J.F. Whitt and David Spagnola's motions to
dismiss (Docs. 20, 22), their supporting briefs incorporate by
reference the arguments set forth by Defendants City of
Greensboro and Sylvester Daughtry, Jr. in their briefs. (See
Brief in Support of Defendant Spagnola's Motion to Dismiss (Doc.
21) at 8; Defendant J.F. Whitt's Brief in Support of Motion to
Dismiss (Doc. 23) at 7-8.)

-3-

For reasons that will be explained in this court's forthcoming Memorandum Opinion and Order addressing Defendants City of Greensboro and Sylvester Daughtry, Jr.'s Motion to Dismiss (Doc. 18), this court does not find a Rule 12(b)(6) dismissal based on the release to be appropriate. To the extent Defendants' motions to dismiss are predicated on the release, the motions will be denied.[3]

## B. Count I as Against Defendant Spagnola in his Individual Capacity

Defendant Spagnola seeks dismissal of Count I against him, arguing that Plaintiff has failed to state a claim against him. (Defendant David Spagnola's Motion to Dismiss (Doc. 20) at 1.) Plaintiff concedes that, as to Count I, "[a]t this time, Plaintiff has no evidence, and has made no allegations, that defendant Spagnola had any involvement in concealing exculpatory or impeachment evidence from the District Attorney's office." (Plaintiff's Response to Defendants' Motions to Dismiss the Claim Against Defendant Spagnola for Concealing Exculpatory and Impeachment Evidence and the Official Capacity Claim Against Defendant Daughtry (Doc. 28) at 1.) Plaintiff attributes the inclusion of Spagnola in Count I to a drafting error. (Id. at

---

[3] Defendant Spagnola incorporates the release in his Motion to Dismiss (Doc. 20) and Defendant Whitt's Motion to Dismiss is predicated entirely on the release (Doc. 22).

-4-

2.) The parties differ, however, as to the form of dismissal: Plaintiff requests that the claim be dismissed without prejudice, (id.), and Defendant Spagnola requests that it be dismissed with prejudice. (Reply Brief to Plaintiff's Response to Defendant David Spagnola's Motion to Dismiss (Doc. 31) at 3.)

"A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice." Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985); see McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) (citations omitted). Dismissal with prejudice involves disposition on the merits, while dismissal without prejudice does not. See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted).

Determination of whether dismissal is with or without prejudice is in the district court's discretion. Carter, 761 F.2d at 974. However, in practice, the Fourth Circuit observed that "[a] dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint." Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) (emphasis removed) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 360-67 (2d ed. 1990)); see, e.g., Fenner v.

Bell, No. 1:08cv00367, 2009 WL 6372547, at *1 (M.D.N.C. Nov. 13, 2009) (dismissing without prejudice claims that "fail[ed] to provide adequate factual support under Bell Atlantic Corp. v. Twombly" and citing to Federal Practice and Procedure for examples of cases where dismissal with prejudice is appropriate).

Futility of amendment can be a factor for dismissal with prejudice:

> To the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating this dismissal to be without prejudice. Courts . . . have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.

McLean, 566 F.3d at 400 (citations omitted); see Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 630-31 (4th Cir. 2008) (determining the district court did not abuse its discretion by dismissing a complaint with prejudice where it was "clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability" (citation omitted)). On the other hand, courts have dismissed without prejudice complaints with pleading defects. See, e.g., Shaver v. Davie Cty. Pub. Schs., No. 1:07cv00176, 2008 WL 943035, at *4 (M.D.N.C. Apr. 7, 2008).

-6-

Because here further evidence from discovery could warrant Plaintiff seeking leave to file an amended complaint with a proper basis to include Spagnola as a defendant, Count I as to Defendant Spagnola will be dismissed without prejudice.

III. **CONCLUSION**

For the reasons stated herein,

**IT IS THEREFORE ORDERED** that Defendant Spagnola's motion to dismiss (Doc. 20) with respect to Count I against him in his individual capacity is **GRANTED** and Count I is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss with respect to Count I against Defendant Whitt in his individual capacity (Doc. 22), and with respect to Count II against Defendants Whitt and Spagnola in their individual capacities (Docs. 20, 22), are **DENIED.**

This the 31st day of March, 2016.

_____
United States District Judge

–7–